IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMIE LYNN LINDEMANN, | Civil Action |
| Plaintiff, | No. |
| vs. | |
| DARDEN D/B/A OLIVE GARDEN ITALIAN RESTAURANT – ALTOONA, | |
| Defendant,. | JURY TRIAL DEMANDED |

## CIVIL COMPLAINT

Plaintiff, Jamie Lynn Lindemann, by undersigned counsel files this Civil Complaint and in support alleges the following:

### I. Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5(f)(3), as amended by the Civil Rights Act of 1991; 42 U.S.C. §1331 and 1343(a)(4) and this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

2. Plaintiff has satisfied all the procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-5, as amended, and:

    a. Plaintiff filed a timely written charge of sexual harassment and retaliation discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 15, 2022 and cross-filed with the Pennsylvania Human Relations Commission.

    b. The EEOC issued a Notice of Right to Sue on September 18, 2023; and

    c. This action was filed with this Court within 90 days of receipt of that Notice;

    d. More than one year has passed since the date Plaintiff filed her PHRC Complaint.

1

## II. Parties

3. Plaintiff, Jamie Lynn Lindemann, ("Plaintiff") is a female individual who resides at 202 31st Street, Altoona, Blair County, PA 16602.

4. Defendant, Darden d/b/a Olive Garden Italian Restaurant - Altoona, ("Defendant") is a corporation with a place of business located at 3315 Pleasant Valley Boulevard, Altoona, Blair County, PA 16602.

5. At all times relevant hereto, Defendant was Plaintiff's employer, and was also an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C §2000e(b), because it employed more than 15 individuals.

## III. Factual Background

6. Plaintiff worked for Defendant from July 17, 2022 until October 4, 2022. She last held the position of Hostess.

7. Plaintiff worked for Defendant through a Co-Operative education ("Co-Op") program with her school.

8. In August 2022, Plaintiff's supervisor, Chris Smith, rubbed Plaintiff's back and touched her buttocks on five or six occasions.

9. Plaintiff would walk away from Mr. Smith whenever he touched her.

10. Plaintiff told her Co-Op teacher and one of Defendant's Managers, Dave Angelo, about Mr. Smith repeatedly touching her back and buttocks.

11. Mr. Angelo said he would talk to Mr. Smith's boss.

12. After Plaintiff reported Mr. Smith's conduct to her Co-Op teacher, her teacher told Plaintiff to quit.

13. Plaintiff's teacher also reported the sexual harassment to Defendant's corporate

office, but no one contacted Plaintiff or her teacher.

14. Employees of Defendant told Plaintiff that she was not the first-person Mr. Smith had sexually harassed.

15. Plaintiff was constructively discharged on October 4, 2022 as she could no longer handle the hostile environment and her Co-Op teacher specifically directed her to quit.

## Count II
## Title VII: Gender Discrimination/Hostile Work Environment

16. Plaintiff incorporates by reference the allegations in Paragraphs 1 to 15, as if fully restated herein.

17. Plaintiff was also subjected to pervasive sexual harassment in the workplace and was detrimentally effected as a result.

18. Defendant was aware or should have been aware of the existence of the sexual hostile work place and took no action to stop it.

19. Plaintiff was constructively discharged because of her sex in violation of 42 U.S.C. §2000e-2(a)(1).

20. Defendant's actions were done with malice and reckless indifference to Plaintiff's federally protected rights.

21. As a direct and proximate result of Defendant's intentional and reckless actions, Plaintiff has sustained the injuries set forth below:

    a. Loss of income and benefits;

    b. Pain and suffering;

    c. Humiliation;

    d. Embarrassment;

    e.    Loss of reputation;

    f.    Inconvenience; and

    g.    Emotional Distress.

WHEREFORE, Plaintiff demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by the Civil Rights Act of 1991 as follows:

    a.    That Defendant be ordered to reinstate Plaintiff into the position she occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

    b.    That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff occupied on October 4, 2022;

    c.    That Defendant be required to provide Plaintiff with front pay if the Court determines reinstatement is not feasible;

    d.    That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

    e.    That Plaintiff be awarded compensatory damages in an amount to be determined at the trial;

    f.    That Defendant be ordered to pay Plaintiff punitive damages;

    g.    That Defendant be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by Title VII;

    h.    That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorneys fee;

    i.    That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

## Count III
## PHRA

22. Plaintiff incorporates by reference the allegations in paragraphs 1 through 21 as if fully restated herein.

23. Defendant's constructive discharge of Plaintiff violated the PHRA, 43 Pa. Conns. Stat.Ann. §955(a) et seq.

24. As a direct result of Defendant's violation of the PHRA, Plaintiff has sustained lost wages and other economic benefits of her employment with Defendant, including;

    a. Pain and suffering;

    b. Humiliation;

    c. Embarrassment;

    d. Loss of reputation;

    e. Inconvenience; and

    f. Emotional Distress.

WHEREFORE, Plaintiff requests the following:

    a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Pennsylvania Human Relations Act;

    b. That Defendant be ordered to instate Plaintiff and provide her accumulated seniority, fringe benefits and all other rights;

    c. That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest from the date of discrimination, in addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;

    d. That the Court award Plaintiff compensatory damages as a result of Defendant's violations of the Pennsylvania Human Relations Act;

    e. That Defendant be enjoined from discriminating against Plaintiff in any

        manner that violates the Pennsylvania Human Relations Act;

f.      That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

g.      That the Court grant Plaintiff additional relief as may be just and proper.

Respectfully submitted,

**EDGAR SNYDER & ASSOCIATES**

<u>/s/ *John E. Black, III*</u>
John E. Black, III
Pa.I.D. #83727
US Steel Tower, 10th Floor
600 Grant Street
Pittsburgh, PA  15219
(412) 394-4446
jblack@edgarsnyder.com

Attorney for Plaintiff